UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REX MINARD,

        Plaintiff,

   v.

GREEN VAN LINES, INC., et al.,

        Defendants.

No. 2:13-cv-01711-KJM-EFB

ORDER

        Defendant Green Van Lines, Inc. ("defendant") moves to transfer the instant matter to the United States District Court for the Northern District of Texas or, in the alternative, for dismissal with prejudice. ECF No. 7. Plaintiff Rex Minard ("plaintiff") does not oppose the motion, and the court decides the matter without argument.

        For the reasons below, the motion to transfer is GRANTED. Having granted the motion to transfer, the court declines to address the alternative motion to dismiss.

I.       BACKGROUND

        On July 21, 2011, the parties contracted for defendant's moving service to transport plaintiff's household goods from Texas to California. *See* Cohen Decl. Ex. 1, ECF No. 7-2. The contract contained several provisions, including a forum-selection clause stating: "[w]ith respect to any legal proceedings arising out of [the contract], [plaintiff] consents [to]

1

the jurisdiction and the venue of any court of general jurisdiction of Dallas County, Texas and any legal proceedings arising out of [the contract] shall be brought only in such courts." *Id.* Ex. 3, ECF No. 7-4.

Plaintiff was dissatisfied with defendant's contractual performance. He complains performance was deficient in several respects, including: late collection of goods; damage, loss and theft of goods in transit; and late delivery of goods. Compl. ¶¶ 12–16, ECF No. 1. After having fully assessed the damage to his property, plaintiff contacted defendant to voice his concerns, but these discussions yielded no resolution. *Id.* ¶¶ 18–21.

Plaintiff filed suit on August 16, 2013. *See generally id.* He pursues seven claims: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) fraud and deceit—intentional misrepresentation of fact; (4) fraud and deceit—concealment; (5) negligence; (6) negligent hiring and retention; and (7) unfair business practices in violation of California Business and Professions Code §§ 17200–17210. *Id.* Although plaintiff's complaint does not contain a well-pleaded federal claim, the court construes the breach-of-contract claim as one brought under the Carmack Amendment, 8 U.S.C. § 14706. *See Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 686–88 (9th Cir. 2007) ("Under the 'artful pleading' doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that area of law. . . . We hold that the [federal] Carmack Amendment is the exclusive cause of action for contract claims alleging delay, loss, failure to deliver or damage to property [by an interstate carrier]. [Plaintiff]'s [state law] breach of contract claim is completely preempted by the Carmack Amendment . . . .").

Plaintiff does not contest the validity of the contract or the forum-selection clause.[1]

/////

---

[1] Plaintiff states in his complaint that defendant's contractual terms, including the forum-selection clause, were "not negotiable." Compl. ¶¶ 10, 27. However, this fact alone is insufficient as a challenge to the contract's validity. *See Zaborowski v. M.H.N. Gov't Servs., Inc.*, 936 F. Supp. 2d 1145, 1152 (N.D. Cal. 2013) (Under California law, "[a]dhesion alone . . . is insufficient to find a contract unconscionable.").

2

II.     STANDARD

28 U.S.C. § 1404(a) permits a district court to "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented" "[f]or the convenience of parties and witnesses."  28 U.S.C. § 1404(a).  Typically, in considering such a transfer, the court "must evaluate both the convenience of the parties and various public-interest considerations," "weigh[ing] the relevant factors and decid[ing] whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interests of justice.'"  *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. ___, 134 S. Ct. 568, 581 (2013) (quoting 28 U.S.C. § 1404(a)).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Id.* (citation and internal quotation marks omitted).  Under such circumstances, "a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases."  *Id.* at 579 (citation and internal quotation marks omitted). By "[e]nforc[ing] . . . valid forum-selection clauses, bargained for by the parties, [the court] protects their legitimate expectations and furthers vital interests of the justice system."  *Id.* at 581 (citation and internal quotation marks omitted).

Accordingly, where presented with such an agreement, the court must disregard plaintiff's choice of forum and the parties' private interests.  *Id.* at 581–82.  It instead "consider[s] arguments about public-interest factors only," and "those factors will rarely defeat a transfer motion."  *Id.* at 582 (citation omitted).  Further, "the party acting in violation of the forum-selection clause . . . must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer."  *Id.* at 583.  Finally, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules . . . ."  *Id.* at 582.

/////

III.     ANALYSIS

The contract underlying the instant litigation includes the forum-selection clause, quoted above, specifying Dallas County, Texas as the proper forum. Cohen Decl. Ex. 3. Plaintiff, however, filed suit in Sacramento, California, thereby "acting in violation of the forum-selection clause . . . ." *Atl. Marine Constr. Co.*, 134 S. Ct. at 583. It is thus his burden to show that "public-interest factors overwhelmingly disfavor a transfer" from the Eastern District of California to the Northern District of Texas. *Id.*

Plaintiff has made no such showing. He did not file an opposition to the instant motion and does not address the issue in his complaint. He has failed to carry his burden.

IV.     CONCLUSION

The motion to transfer the matter to the United States District Court for the Northern District of Texas is GRANTED.

IT IS SO ORDERED.

Dated: February 25, 2014.

_____
UNITED STATES DISTRICT JUDGE

4